IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY OLIVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 10-CV-00189 |
| | § | |
| CENTERPOINT ENERGY, INC, AND | § | |
| CENTERPOINT ENERGY SERVICE | § | |
| COMPANY, LLC | § | |
| | § | |
| Defendants. | § | |

**CENTERPOINT ENERGY'S REPLY TO PLAINTIFF'S RESPONSE
TO MOTION FOR SUMMARY JUDGMENT**

CenterPoint Energy's motion is based on the simple argument that Plaintiff was always paid overtime for hours worked in excess of 40 in a workweek. To prove this fact, CenterPoint Energy attached all of Plaintiff's time and pay records for the relevant time period. Plaintiff and his counsel had nearly seven weeks to review these records,[1] and are unable to identify a single week in which he was deprived of overtime pay. Instead, Plaintiff makes two arguments: (1) CenterPoint Energy is "evading" the FLSA's overtime requirements because one phase of Plaintiff's rotating work schedule required him to work "10 consecutive work days spanning two

---

[1] Centerpoint Energy filed its motion on February 23, 2010. On March 11, 2010, Plaintiff moved for additional time to respond to the motion. (DEN 9) The Court summarily granted the motion and allowed Plaintiff until April 12, 2010, in which to respond. (DEN 10)

In fact, Plaintiff has had even longer in which to consider the arguments raised in CenterPoint Energy's motion. On February 9, 2010, before even filing an answer in the case, CenterPoint Energy's counsel sent Claimant's counsel a letter explaining the interplay between Plaintiff's workweek, work schedule, and pay period, and attaching relevant excerpts from the time and pay records. (See Exhibit A) Claimant's counsel acknowledged receiving the letter, but CenterPoint Energy received no substantive response and therefore filed the instant motion on February 23.

1

company-defined workweeks";[2] and (2) he is not a "union employee" and that CenterPoint Energy "has failed to show" that he is covered by the collective bargaining agreement (CBA) attached to the motion. Although Plaintiff does not say it, the gist of this latter argument appears to be that there is some question about the FLSA workweek applicable to him.

These are meritless arguments for which Plaintiff provides absolutely no authority or evidence, and they fail on multiple independent levels:

## I.  CenterPoint Energy properly established Plaintiff's FLSA workweek and his work schedule, and there is no evidence or legal support otherwise.

Plaintiff's unsupported argument that CenterPoint Energy is "evading the FLSA" through its scheduling practices fails because the FLSA does not obligate employers to assign any particular workweek, implement any particular work schedule, or to avoid scheduling employees for consecutive days that may happen to overlap two or more workweeks. Employers are free to set the FLSA workweek to start on any day and at any hour, as long as the workweek is fixed and it does not exceed 168 consecutive hours. *See* 29 C.F.R. § 778.105. The FLSA prevents employers from "evading" its overtime requirements by requiring that the workweek remain fixed, and not, as Plaintiff seems to suggest, by attempting to regulate the manner in which employers schedule their employees. *See id.* In this case, Plaintiff's Saturday through Friday workweek was in effect for the duration of the relevant time period and there is no allegation, let alone evidence, that CenterPoint Energy ever improperly altered the workweek or deprived Plaintiff of overtime pay.

---

[2]  As CenterPoint Energy explained in its motion, Plaintiff's regular schedule was to work eight hours a day for 5 days in a row (Monday through Friday), have 2 days off (Saturday and Sunday), work eight hours a day for 10 days in a row (Monday through the following Wednesday), and then have 4 days off (Thursday through Sunday). He then repeated this sequence. (Clark-Zopfi Decl. ¶ 4)

2

Plaintiff cites no authority—and there is none—for the proposition that employers must avoid scheduling employees to work consecutive days that overlap one or more workweeks. In fact, at least one court has rejected the precise argument that Plaintiff makes here. *See, e.g.*, *Blasdell v. State of New York*, 1992 U.S. Dist. LEXIS 20921, at **1-6 (S.D.N.Y. Sep. 8, 1992) (plaintiffs worked rotating shifts in which they sometimes worked seven consecutive days that spanned two FLSA workweeks; the court summarily rejected their argument that the court should re-determine the workweek so that the plaintiffs could claim more than 40 hours worked in certain of the workweeks).

The Department of Labor itself has rejected Plaintiff's theory by approving the concept of "9/80" schedules[3] in which the employer sets the workweek to begin mid-day on Friday. This schedule means that hours worked on Friday are separated into two different workweeks, which has the effect of limiting overtime liability that would otherwise exist as to week 1 if the workweek had ended at the end of the day on Friday or at some point during the weekend. *See* examples identified in DOL Opinion Letters FLSA2009-16 (Jan. 16, 2009) and FLSA 2004-18NA (Oct. 8, 2004), *both available at* http://www.dol.gov/whd/opinion/opinion.htm.

In sum, the summary judgment evidence is undisputed that at all times, CenterPoint Energy paid Plaintiff based on a fixed and legitimate workweek and that he was paid any overtime that he was due.

---

[3] A common example of such a schedule is one in which the employee works nine hours per day Monday through Thursday of the first week; works eight hours on Friday of the first week; works nine hours per day Monday through Thursday of the second week; and does not work on Friday of the second week. *See, e.g.*, DOL Opinion Letters FLSA2009-16 (Jan. 16, 2009) and FLSA2004-18NA (Oct. 8, 2004).

**II.     The undisputed summary judgment evidence proves that Plaintiff's FLSA workweek ran from Saturday to Friday throughout the relevant time period.**

Plaintiff's second argument is that he "is not a union employee" and is not covered by the CBA. But the relevant question is not whether Plaintiff was a "union employee"—though the undisputed evidence shows that he was—rather, the central question is what was the FLSA workweek that applied to him? The answer, as the undisputed summary judgment record shows, is that Plaintiff's workweek ran from Saturday to Friday. The record contains at least three pieces of proof to this effect.

First, Plaintiff's workweek is identified in the Clark-Zopfi Declaration attached to CenterPoint Energy's motion. *See* Clark-Zopfi Decl. ¶ 3, stating that Plaintiff's workweek "ran from 12:01 a.m. Saturday morning until 12:00 a.m. the following Friday night."

Second, the time and pay records attached to CenterPoint Energy's motion confirm the Saturday to Friday workweek, because the overtime pay reflected in the pay records repeatedly matches up with the hours reported in the time records on a Saturday through Friday basis. (*See* Attachments B and C to Clark-Zopfi Decl.; *see also* Attachment D to Clark-Zopfi Decl. for a demonstrative exhibit showing the interplay between Plaintiff's workweek, work schedule, and pay period.)

Third, the workweek is identified in the CBA attached to CenterPoint Energy's motion (*see* CBA § 501) and CenterPoint Energy provided clear, simple, and undisputed summary judgment proof that the CBA applies to Plaintiff's job position.[4] That uncontroverted proof is contained not only in the Clark-Zopfi Declaration attached to the motion (*see* Clark-Zopfi Decl. ¶ 3, stating "Mr. Oliver's position was a union position governed by a longstanding Collective

---

[4]     Notably, Plaintiff never even asserts (let alone provides proof) that the CBA does not apply to him. He merely states—incorrectly—that CenterPoint Energy has "failed to show" that it does. (Response at 4)

Bargaining Agreement ("CBA") between CenterPoint Energy and USW Local 13-227 . . . ."), but also in the collective bargaining agreement itself, which expressly makes the union the "exclusive representative of all employees in the [bargaining] unit" and which clearly covers Plaintiff's job position of Senior Service Representative. *See* CBA § 102(a) and Appendix A, listing "Senior Service Rep." as a covered job classification. *See also* CBA § 202(a) ("This Agreement shall constitute the entire contract between the Company and Union and shall supersede and replace all other obligations or agreements, whether written or oral or expressed or implied, between or concerning the employees and Company.")[5]

In sum, while Plaintiff attempts to muddy the waters by raising unsupported and incorrect arguments about whether the CBA covers him, nowhere does he even *allege* that his FLSA workweek was anything other than Saturday to Friday, let alone produce summary judgment proof to this effect. There is simply no dispute in this case regarding the start and stop time of Plaintiff's FLSA workweek, nor is there any dispute that his overtime pay was calculated properly based on that workweek.

* * *

Having had nearly seven weeks to review his complete time and pay records, Plaintiff's failure to identify any workweek in which he was deprived of overtime pay could not make it any plainer that this case was filed based on Plaintiff's misunderstanding or misrepresentation of CenterPoint Energy's pay practices. Plaintiff has failed in his burden to create a genuine issue of

---

[5] Whether Plaintiff was a dues-paying union "member" of the union is irrelevant. As the Court is aware, in a right-to-work state like Texas, *see* Tex. Labor Code § 101.052, employees in a collective bargaining unit may be represented by the union—and covered by the CBA—regardless of whether they choose to pay union dues. *See Mobil Oil Corp. v. OCAW, AFL-CIO*, 504 F.2d 272, 282 n.1 (5th Cir. 1974) (Ainsworth, J., dissenting) (explaining this concept), *rev'd on other grounds*, 426 U.S. 407 (1976). The only conceivably relevant question is whether Plaintiff was covered by the CBA (because the CBA established the workweek for Plaintiff's job position), and as demonstrated above, it is undisputed that he was so covered.

material fact showing that he was deprived of overtime pay and CenterPoint Energy respectfully requests that this case be dismissed.

Respectfully submitted,

/s/ Michael J. Muskat
MICHAEL J. MUSKAT
Attorney-in-Charge
State Bar No. 24002668
S.D. Tex. Bar No. 22816
MUSKAT, MARTINEZ & MAHONY, LLP
440 Louisiana Street, Suite 590
Houston, Texas 77002
Telephone:  713-987-7850
Telecopier:  713-987-7854

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

This is to certify that on April 21, 2010, a true and correct copy of this pleading has been served on Plaintiff's counsel of record via the Electronic Case Filing system.

/s/ Michael J. Muskat
MICHAEL J. MUSKAT