IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROY OLIVER,                          §
                                     §
              Plaintiff,             §
                                     §
v.                                   §
                                     §    CIVIL ACTION NO. H-10-0189
CENTERPOINT ENERGY, INC. and         §
CENTERPOINT ENERGY SERVICE           §
COMPANY, LLC,                        §
                                     §
              Defendants.            §

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff, Roy Oliver, brings this collective action suit against defendants, CenterPoint Energy, Inc. and CenterPoint Energy Service Company, LLC, for unpaid overtime wages pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, <u>et seq.</u>  Pending before the court is CenterPoint Energy's Motion for Summary Judgment (Docket Entry No. 7).  For the reasons explained below, CenterPoint Energy's motion for partial summary judgment will be granted, and this action will be dismissed.

I.  **Standard of Review**

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment.  Fed. R. Civ. P. 56(c).  Disputes about material facts are "genuine" if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party.
Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986).  The
Supreme Court has interpreted the plain language of Rule 56(c) to
mandate the entry of summary judgment "after adequate time for
discovery and upon motion, against a party who fails to make a
showing sufficient to establish the existence of an element
essential to that party's case, and on which that party will bear
the burden of proof at trial."  Celotex Corp. v. Catrett, 106 S.Ct.
2548, 2552 (1986).  A party moving for summary judgment "must
'demonstrate the absence of a genuine issue of material fact,' but
need not negate the elements of the nonmovant's case."  Little v.
Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)
(quoting Celotex, 106 S.Ct. at 2553-2554).  If the moving party
meets this burden, Rule 56(c) requires the nonmovant to go beyond
the pleadings and show by affidavits, depositions, answers to
interrogatories, admissions on file, or other admissible evidence
that specific facts exist over which there is a genuine issue for
trial.  Id. (citing Celotex, 106 S.Ct. at 2553-2554).  In reviewing
the evidence "the court must draw all reasonable inferences in
favor of the nonmoving party, and it may not make credibility
determinations or weigh the evidence."  Reeves v. Sanderson
Plumbing Products, Inc., 120 S.Ct. 2097, 2110 (2000).  Factual
controversies are to be resolved in favor of the nonmovant, "but
only when . . . both parties have submitted evidence of
contradictory facts."  Little, 37 F.3d at 1075.

-2-

## II.  **Undisputed Facts**

Centerpoint or its predecessor entities employed the plaintiff from August 3, 1988, to March 15, 2009.  Since at least January 20, 2007, and through his termination in March of 2009, the plaintiff worked a rotating schedule as a Senior Service Representative. This meant that his regularly scheduled work days differed over three successive weeks.  Plaintiff's regular schedule was to work eight hours a day for five consecutive days (Monday through Friday), have two days off (Saturday and Sunday), work eight hours a day for ten consecutive days (Monday through the following Wednesday), have four days off (Thursday through Sunday), and then repeat the sequence.[1]

CenterPoint paid the plaintiff on a bi-weekly basis with each pay period ending on a Sunday.  This meant that plaintiff was paid every other week for all work performed from the first Monday through the second Sunday of each pay period.  Plaintiff's rotating schedule caused the number of hours that plaintiff worked in any given pay period to vary from other pay periods.[2]

Article 5 of the Collective Bargaining Agreement (CBA) between CenterPoint Energy or its predecessors and USW Local 13-227

---

[1]Declaration of Denise Clark-Zopfi (Clark-Zopfi Declaration), attached to CenterPoint Energy's Motion for Summary Judgment, Docket Entry No. 7, ¶¶ 3-4.  See also Affidavit of Roy Oliver, Exhibit A to Plaintiff's Original Collective Action Complaint, Docket Entry No. 1, ¶ 3; and Plaintiff's Response to Defendants' Motion for Summary Judgment, Docket Entry No. 11, p. 2.

[2]Clark-Zopfi Declaration ¶¶ 5-6.

contains provisions regarding overtime and premium pay for CenterPoint employees.[3]   Section 501 of the CBA provides that "[f]or purposes of computing overtime and premium pay, the workday shall consist of a 24-hour period beginning at midnight each day and the workweek shall consist of seven consecutive workdays beginning at midnight on Friday."[4]   Section 502 of the CBA guarantees CenterPoint employees scheduled to work eight-hour days overtime pay, i.e., time-and-a-half pay, not only for hours worked in excess of 40 per workweek, but also for hours worked in excess of 8 hours in a scheduled workday.[5]

### III.   Analysis

Plaintiff seeks to hold defendants liable for violation of the overtime provision of the FLSA, 29 U.S.C. § 207(a), for failure to pay him at one and one-half times his regular rate of pay for hours worked in excess of forty hours per week.

---

[3]Clark-Zopfi Declaration ¶ 3 and Agreement Between Houston Division of CenterPoint Energy Resources Corp. D/B/A CenterPoint Energy Texas Gas Operations and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union and Its Local 13-227, Effective July 1, 2008 Through June 30, 2012 (CBA), Exhibit A to Clark-Zopfi Declaration.

[4]CBA, Exhibit A, Part 1 to Clark-Zopfi Declaration, attached to CenterPoint Energy's Motion for Summary Judgment, Docket Entry No. 7.

[5]Id.

-4-

## A.    The FLSA Overtime Provision

The overtime provision of the FLSA, 29 U.S.C. § 207(a), requires employers to pay one and one-half times the employee's regular rate for all hours worked in excess of forty hours per week.  Id.  In order to prevail on his claim for unpaid overtime plaintiff must prove by a preponderance of the evidence:  (1) the existence of an employment relationship; (2) that he was engaged in commerce or employed by an enterprise engaged in commerce; (3) that defendants failed to pay him overtime required by the FLSA; and (4) that he is owed the amount claimed by a just and reasonable inference.  Id.  See also Harvill v. Westward Communications, L.L.C., 433 F.3d 428, 441 (5th Cir. 2005) (citing Anderson v. Mt. Clemens Pottery Co., 66 S.Ct. 1187 (1946), superseded by statute as stated in IBP, Inc. v. Alvarez, 126 S.Ct. 514, 516 (2005)).

## B.    Application of the Law to the Facts

Defendants do not dispute the existence of an employment relationship or that the plaintiff was engaged in commerce or employed by an enterprise engaged in commerce.  Instead, defendants dispute the plaintiff's allegation that they failed to pay him overtime required by the FLSA.  Harvill, 433 F.3d at 439.

Defendants argue that they are entitled to summary judgment because plaintiff was paid at least one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per

-5-

workweek.   In  support  of  this  argument  defendants  cite  the
Declaration  of  Denise  Clark-Zopfi,  Area  Manager  of  CenterPoint
Energy's  Gas  Operations,  South  District,[6]  time  records  and  pay
stubs maintained for plaintiff from December 25, 2006, through his
termination of employment on March 5, 2009, and a chart summarizing
the  plaintiff's  time  records  and  paystubs  from  the  period
December  25,  2006,  through  February  28,  2007.[7]   Clark-Zopfi
explains:

> 9.   The  interplay  between  Mr.  Oliver's  FLSA  workweek,
> rotating  work  schedule,  and  pay  period  is
> illustrated by the demonstrative exhibit attached
> as  Exhibit  D.    Exhibit  D  contains  a  true  and
> accurate  summary  of  Mr.  Oliver's  time  records  and
> paystubs  from  the  period  December  25,  2006  through
> February 28, 2007.  On the chart, the end of each
> FLSA workweek is marked in green.  The end of each
> pay period is marked in yellow.  Each day on the
> chart  reflects  the  number  of  hours  that  Mr.  Oliver
> worked  that  day,  or  was  on  holiday  or  vacation.
> Those  numbers  come  from  the  time  records  attached
> as  Exhibit  B,  which  in  turn  are  the  basis  for  the
> pay  totals  reflected  on  the  applicable  paystubs
> under Exhibit C.
>
> 10.  As  the  records  attached  under  Exhibits  B  and  C
> demonstrate, at no time did CenterPoint Energy fail
> to  pay  Mr.  Oliver  at  or  above  one-and-one-half
> times  his  regular  rate  of  pay  for  hours  worked  in
> excess of 40 in his workweek.
>
> 11.  In many instances Mr. Oliver was actually paid more
> than  what  the  FLSA  requires.    As  noted  above,

---

[6]See Clark-Zopfi Declaration, attached to CenterPoint Energy's
Motion for Summary Judgment, Docket Entry No. 7.

[7]Exhibits  B-D  to  Clark-Zopfi  Declaration,  attached  to
CenterPoint  Energy's  Motion  for  Summary  Judgment,  Docket  Entry
No. 7.

CenterPoint Energy contractually agreed to pay Mr. Oliver time-and-a-half not only for hours worked over 40 in a workweek, but for all hours worked over eight in an eight-hour workday. There are many times in which this agreement resulted in Mr. Oliver being paid time-and-a-half for hours worked even though those hours were not in excess of 40 during the workweek. A few examples occurred during the December 25, 2006 through February 28, 2007 time period, encapsulated on the chart attached as Exhibit D. As the chart and underlying records show, Mr. Oliver worked more than eight hours in a day on December 28, 2006 (9 hours); January 16, 2007 (9 hours); January 29, 2007 (10 hours); February 17, 2007 (10 hours); and February 18, 2007 (10 hours). Mr. Oliver was paid time-and-a-half for each of these excess hours, even though in four of those five FLSA workweeks he did not work more than 40 hours. (The exception was the week ending January 19, 2007 for which Mr. Oliver worked 41 hours and was properly paid one overtime hour.) See the January 7, 2007 paystub, reflecting one hour of overtime paid (for December 28); January 21, 2007 paystub, reflecting one hour of overtime paid (for January 16); February 4, 2007 paystub, reflecting two hours of overtime paid (for January 29), and the February 18, 2007 paystub, reflecting four hours of overtime paid (for February 17 and 18).[8]

Plaintiff responds that

Centerpoint's motion for summary judgment should be denied because:

a.   By requiring Oliver (and others similarly situated) to work 10 consecutive days (of 8 or more hours per day) spanning two company-defined workweeks under a collective bargaining agreement (CBA), Centerpoint has effectively evaded the FLSA.

b.   Centerpoint has failed to establish that the CBA provision (or any other provision) setting Saturday

_____

[8]Clark-Zopfi Declaration, attached to CenterPoint Energy's Motion for Summary Judgment, Docket Entry No. 7, ¶¶ 9-11.

as the starting day for calculating overtime
applies to Oliver.[9]

Plaintiff explains that

Centerpoint placed me on a staggered work cycle.  In some
weeks of the cycle, I worked more than 40 hours per week.
However, Centerpoint used an eight-hour workday, instead
of a forty-hour workweek, to calculate overtime.  Thus,
Centerpoint paid me overtime for the time that I worked
in excess of eight hours per workday but did not pay me
overtime for all the hours I worked in excess of forty
hours per week.[10]

Plaintiff argues that two fact issues preclude the court from
granting the defendants' motion for summary judgment:  (1) whether
CenterPoint is evading the FLSA by scheduling ten consecutive work
days over two company-defined workweeks; and (2) whether the
definition of workweek contained in the CBA applies to him.  For
the reasons explained below, the court concludes that the plaintiff
has failed to raise a genuine issue of material fact for trial.

1. <u>Is CenterPoint Evading the FLSA by Scheduling Ten
   Consecutive Work Days Over Two Company-Defined Workweeks?</u>

Plaintiff contends that

[t]he issue here is whether Centerpoint's practice of
scheduling 10 consecutive work days spanning two company-
defined workweeks (according to Centerpoint, its workweek
is Saturday to Friday) was designed to evade the overtime
requirements of the FLSA.  It is difficult to imagine
that Centerpoint has a legitimate business purpose for
requiring its employees to work that schedule, in

_____

[9]Plaintiff's Response to Defendants' Motion for Summary
Judgment, Docket Entry No. 11, p. 2.

[10]Affidavit of Roy Oliver, Exhibit A to Plaintiff's Original
Collective Action Complaint, Docket Entry No. 1, ¶ 3.

-8-

violation of the FLSA.  Because the summary judgment record contains no evidence to entitle Centerpoint to summary judgment based on these issues, the motion should be denied.[11]

The unit that Congress selected for determining whether overtime payments are due under the FLSA is the "workweek."  29 U.S.C. § 207(a)(1).[12]  See also 29 C.F.R. § 778.602(a) ("The general overtime pay requirements of the [FLSA] provide for such pay only when the number of hours worked exceeds the standard specified for the workweek. . ."); Overnight Motor Transport Co. v. Missel, 62 S.Ct. 1216, 1221 (1942), superseded by statute as recognized in Trans World Airlines v. Thurston, 105 S.Ct. 613 (1985) ("It is likewise abundantly clear from the words of section 7 that the unit of time under that section within which to distinguish regular from overtime is the week.").  The FLSA does not define "workweek," but regulations promulgated pursuant to the FLSA define the term to mean seven consecutive twenty-four hour periods:

> [a]n employee's workweek is a fixed and regularly recurring period of 168 hours--seven consecutive 24-hour periods.  **It need not coincide with the calendar week but may begin on any day and at any hour of the day.**  For purposes of computing pay due under the Fair Labor

---

[11]Plaintiff's Response to Defendants' Motion for Summary Judgment, Docket Entry No. 11, p. 3.

[12]This section provides that "[e]mployees engaged in interstate commerce . . . (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Standards Act, a single workweek may be established for a plant or other establishment as a whole or different workweeks may be established for different employees or groups of employees. **Once the beginning time of an employee's workweek is established, it remains fixed regardless of the schedule of hours worked by him.** The beginning of the workweek may be changed if the change is intended to be permanent and is not designed to evade the overtime requirements of the Act.

29 C.F.R. § 778.105 (emphasis added). See also Roland Electrical Co. v. Black, 163 F.2d 417, 420-21 (4th Cir. 1947), cert. denied, 68 S.Ct. 729 (1948) ("the now well settled construction [is] that the [FLSA] takes as its standard a single workweek consisting of seven consecutive days"); and United States v. Universal C.I.T. Credit Corp., 102 F.Supp. 179, 183 (W.D. Mo. 1952) ("the unit selected for determining whether overtime payments are due, is the work week").

Citing § 501 of the CBA, CenterPoint argues that "[f]or purposes of computing overtime and premium pay, the workday shall consist of a 24-hour period beginning at midnight each day and the workweek shall consist of seven consecutive workdays beginning at midnight on Friday."[13] Plaintiff has not cited and the court has not found any authority for the proposition that an employer can be held liable for violating the FLSA's overtime requirements by scheduling employees to work ten consecutive days when those days span more than one workweek, and the employee works no more that 40 hours in any one workweek. Courts that have addressed the issue

---

[13]CBA, Exhibit A to Clark-Zopfi Declaration, attached to CenterPoint Energy's Motion for Summary Judgment, Docket Entry No. 7.

have rejected the plaintiff's argument that this practice violates the FLSA. See Blasdell v. State of New York, 1992 WL 469733, *1-*2 (S.D.N.Y. September 8, 1992). In Blasdell the court concluded that a regular workweek calculated on a Thursday to Wednesday basis did not violate the FLSA even though employees were often required to work up to seven consecutive days before receiving a day off. Because the first five days of this rotation fell within one workweek, while the sixth and seventh days fell within another workweek, the court held that the plaintiffs were not entitled to any overtime compensation under the FLSA. See also Sloat v. Davidson Ore Mining Co., 71 F.Supp. 1010, 1111-12 (W.D. Mich. 1942) (rejecting the argument that rotating schedules violates the FLSA).

CenterPoint's practice of rotating the plaintiff's schedule so that he worked ten days in a row, the first five of which belonged to one workweek, and the second five of which belonged to the next workweek, does not change the fact that the plaintiff's regular workweek began on the same day of each calendar week and did not change throughout the time at issue in this action. Because plaintiff has neither argued nor cited any evidence showing that CenterPoint failed to pay him overtime for any hours worked in excess of 40 hours during the Saturday to Friday workweek that it used to calculate entitlement to overtime pay, or that CenterPoint ever changed the beginning time of the plaintiff's workweek for the purpose of evading the FLSA's overtime requirements, plaintiff has failed to raise a genuine issue of material fact for trial that

-11-

precludes granting the defendants' motion for summary judgment on plaintiff's claim for overtime pay.

    2.   <u>Does the CBA apply to the Plaintiff?</u>

Asserting that he was a non-union employee and that his pay period had Monday as the starting day, plaintiff contends that CenterPoint violated the FLSA's overtime requirements by using the definition of "workweek" contained in the CBA instead of his pay period for purposes of calculating his entitlement to overtime pay. Plaintiff argues that

> [w]hether the CBA applies to [him] is a material issue of fact that precludes summary judgment. Courts in other circuits use the following four-factor test in determining whether collective bargaining agreement (CBA) covers non-union members: (1) whether the CBA defines employees by job classifications, (2) whether the CBA contains a recognition clause designating the union as the exclusive bargaining agent for all employees, (3) whether the CBA distinguishes between union employees and non-union employees, and (4) whether the CBA contains a "union shop clause" requiring non-union employee to join the union within a stated period of time. *Teamster's Local 348 Health & Welfare Fund v. Kohn Beverage Co.*, 749 F.2d 315, 318 (6th Cir. 1984). Centerpoint has failed to show that the CBA, in whole or part, applies to [plaintiff].[14]

Plaintiff asserts that he was a non-union employee at all times applicable to the claims alleged in this action,[15] but has failed to submit any evidence contradicting the Clark-Zopfi

---

    [14]Plaintiff's Response to Defendants' Motion for Summary Judgment, Docket Entry No. 11, pp. 3-4.

    [15]<u>Id.</u> at 2 ("[Plaintiff] has been a non-union employee since in the early 1990's.").

Declaration stating that "Mr. Oliver's position was a union position governed by a longstanding Collective Bargaining Agreement ("CBA") between CenterPoint Energy and USW Local 13-227."[16] Assuming that plaintiff had presented evidence capable of establishing that he was a non-union employee, and that the court would, therefore, be required to apply the four-factor test to determine whether plaintiff was covered by the CBA, plaintiff has failed either to argue or to cite any evidence capable of showing that the CBA would not apply to him. Nor has plaintiff cited any evidence contradicting Clark-Zopfi's statement that plaintiff's workweek for FLSA purposes was the workweek described in § 501 of the CBA because CenterPoint applied that workweek to all employees of the plaintiff's bargaining unit.[17]

Plaintiff has not cited and the court has not found any authority for the proposition that an employer can be held liable for violating the FLSA's overtime requirements by using a workweek

---

[16]Clark-Zopfi Declaration, attached to CenterPoint Energy's Motion for Summary Judgment, Docket Entry No. 7, ¶ 3 (citing CBA, Exhibit A attached thereto, and Appendix A to the CBA listing Senior Service Rep. A on the schedule titled, "Classifications and Hourly Rates of Pay").

[17]Id. See also § 102(a) of the CBA ("In accordance with the certification of the National Labor Relations Board in Case No. 23-RC-3332, the Company recognizes the Union as the exclusive representative of all employees in the following unit for the purposes of collective bargaining: Included: All production and maintenance and plant clerical employees of the Houston Division of CenterPoint Energy, Houston Gas employed in the classifications listed in Appendix A.").

that differs from a pay period to calculate an employee's entitlement to overtime pay. See Black v. Roland Electric Co., 68 F.Supp. 117, 120 (D.C. Md. 1946) (recognizing that "[t]he pay period need not . . . coincide with the workweek"), modified on other grounds, 163 F.2d 417 (4th Cir. 1947), cert. denied, 68 S.Ct. 729 (1948). Because the regulations promulgated pursuant to the FLSA define the term "workweek" to mean "a fixed and regularly recurring period of 168 hours--seven consecutive 24-hour periods [that] . . . need not coincide with the calendar week but may begin on any day and at any hour of the day," 29 C.F.R. § 778.105, the court concludes that CenterPoint was free to define the plaintiff's "workweek" in accord with the CBA regardless of whether plaintiff was a union employee.

## C.   Conclusions

Because plaintiff has failed to identify a single workweek in which the defendants failed to pay him overtime as required by the FLSA, and because plaintiff has failed to cite any evidence capable of raising a genuine issue of material fact for trial regarding his contentions that CenterPoint initiated its Saturday to Friday workweek to evade the FLSA's overtime requirements, or that the workweek defined in the CBA did not apply to him, the court concludes that the defendants are entitled to summary judgment on plaintiff's claim that defendants are liable for violation of the overtime provision of the FLSA, 29 U.S.C. § 207(a), for failure "to

-14-

pay Oliver at one and one half times his regular rate of pay for hours worked in excess of forty hours per week."[18]

## IV.  Conclusions and Order

For the reasons explained above, the court concludes that plaintiff has failed to raise a genuine issue of material fact for trial.  Accordingly, Centerpoint Energy's Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED,** and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this the 27th day of May, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[18]Plaintiff's Original Collective Action Complaint, Docket Entry No. 1, p. 1.

-15-